UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARTHOLOMEW L. JONES,<br><br>                Plaintiff,<br>    v.<br><br>BOB FERGUSON, et al.,<br><br>                Defendants. | CASE NO. 3:25-cv-05678-JHC-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: October 24, 2025 |

      Plaintiff Bartholomew L. Jones, proceeding *pro se*, filed this prisoner civil rights action under 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion to proceed *in forma pauperis* ("IFP motion"). Dkt. 4. Because it appeared Plaintiff had sufficient funds to pay the filing fee for this civil rights action, this Court, on August 27, 2025, directed Plaintiff to show cause why the IFP motion should not be denied based on his ability to pay. Dkt. 5. Specifically, the IFP motion showed Plaintiff had $20,000 in settlement funds. *See* Dkt. 4. Plaintiff was advised he could, in the alternative, pay the $405 filing fee by the deadline established for filing a response to the Order to Show Cause. *Id*. On September 22, 2025, the Court received a timely

response from Plaintiff to the Order to Show Cause in which he offers various arguments as to why he should be granted IFP status. Dkt. 6.

Plaintiff first states he submitted an IFP application in a separate action filed in this Court, *Jones v. Emerson Insurance*, 3:25-cv-5677-TMC, and that application was approved. Dkt. 6. Plaintiff maintains his financial status has not changed since his was granted IFP status. *Id*. The fact that Plaintiff was previously granted IFP status by another judge of this Court does not bind the undersigned to issue a similar ruling. As such, the Court does not find this sufficiently responds to the Court's Order to Show Cause.

Second, Plaintiff asserts he does not have to pay "upfront" because he has been granted railroad entitlements. Dkt. 6. While fee exemptions related to some railroad cases exist, these exemptions do not apply to cases filed pursuant to § 1983. Therefore, Plaintiff's assertions that he does not have to pay the filing fee because of "railroad entitlements" is not persuasive.

The Court finds Plaintiff has not adequately shown cause why he is unable to pay the filing fee. His assertion that he does not have direct access to his funds, without more, does not persuade the Court that cannot pay the filing fee. Therefore, the Court recommends Plaintiff's IFP motion (Dkt. 4) be DENIED. This action should proceed only if Plaintiff pays the $405.00 filing fee within ***thirty (30) days*** after entry of the Court's Order adopting this Report and Recommendation. If no filing fee is paid within thirty days of the Court's Order, the Clerk should close this case.

Plaintiff is advised that even if he elects to pay the filing fee, his complaint is, at present, defective and payment of the filing fee would not necessarily ensure that he will be permitted to proceed with this action.

REPORT AND RECOMMENDATION - 2

1     Plaintiff has filed this lawsuit against Bob Ferguson and the Secretary of the Washington
2 State Department of Corrections ("DOC Secretary") alleging they are not allocating sufficient
3 funds for the Department of Corrections ("DOC"). Dkt. 4-1. Plaintiff contends their decisions are
4 causing concerns related to the conditions of confinement in DOC facilities. *See id*.

5     Plaintiff has sued the Washington State Governor, Bob Ferguson, because of Ferguson's
6 decisions related to budget allocation. However, "a governor cannot be sued over his vote to
7 approve or disapprove certain funding provisions in the state's budget." *Robison v. Superior Ct.*,
8 2016 WL 6652713, at *5 (C.D. Cal. June 23, 2016). As it appears Ferguson is immune from civil
9 rights claims arising out of Plaintiff's allegations, his claims against Ferguson should be
10 dismissed.

11     Plaintiff has also sued the DOC Secretary. Dkt. 4-1. To state a claim for relief under 42
12 U.S.C. § 1983, a plaintiff must, in relevant part, allege facts showing how individually named
13 defendants caused, or personally participated in causing, the harm alleged in the complaint. *See*
14 *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Plaintiff has failed to allege facts to show
15 the DOC Secretary personally participated in causing the alleged injuries. Rather, Plaintiff relies
16 solely on the DOC Secretary's supervisory position and alleged role overseeing the DOC budget.
17 This, however, is not enough impose individual liability in § 1983 actions. *Taylor v. List*, 880
18 F.2d 1040, 1045 (9th Cir. 1989) ("A supervisor is only liable for constitutional violations of his
19 subordinates if the supervisor participated in or directed the violations, or knew of the violations
20 and failed to act to prevent them."). Therefore, Plaintiff has failed to state a claim against the
21 DOC Secretary.

22     Plaintiff's complaints related to budgetary decisions appear frivolous. Further, any
23 complaints related to his specific conditions of confinement must be brought against the
24

REPORT AND RECOMMENDATION - 3

corrections officials responsible for the alleged deficient conditions and not against those whom Plaintiff believes control the budget. For these reasons, even if Plaintiff pays the filing fee, his complaint will not likely survive screening under 42 U.S.C. § 1915A.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than fourteen (14) days from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar fourteen (14) days from the date they are filed. Responses to objections may be filed by the day before the noting date. If no timely objections are filed, the matter will be ready for consideration by the District Judge on October 24, 2025.

Dated this 3rd day of October, 2025.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4